## Case No. 8,717.

### McCORMICK v. ALLEGHENY CITY.

[1 Leg. Int. 150.]

Circuit Court, W. D. Pennsylvania. 1850.

BILLS AND NOTES — ISSUANCE BY MUNICIPAL COR-
PORATION — VALIDITY — REPEAL OF STAT-
UTES — LIMITATION.

[1. The Pennsylvania statute of April 12, 1828 [Laws Pa. 1828, p. 323], making it unlawful for any person "or body corporate" to create or put in circulation any bills, notes, checks, etc., for less than $5.00 with intent to create a circulating medium, and which imposes a penalty for violation therefor, but in its third section gives, nevertheless, a right of action on such instruments to persons holding the same, embraces municipal as well as private corporations.]

[2. The section of said act which gives a right of action upon such instruments was not repealed, by the joint resolution of June 24, 1841, which is not inconsistent with that section, and contains no reference to it.]

[3. Under the act of April 21, 1841 (Laws Pa. 1841, p. 249), which, in its sixth section, extends the limitation prescribed by the act of March 26, 1785 (2 Smith's Laws Pa. p. 300), to suits brought to recover a greater rate of interest than 6 per cent., or a penalty or forfeiture, one suing upon a note providing for 20 per cent. interest can recover that rate if the suit is brought within one year from the date the note was issued.]

In equity.

We give below the substance of decision of GRIER, Circuit Justice, in the Allegheny Scrip Case. The suit was brought against Allegheny City by William A. McCormick, a citizen of Virginia, for the recovery of five hundred dollars of scrip, together with twenty per cent. penalty:

"First—It is contended that the act of the 12th of April, 1828,[1] does not embrace municipal corporations within its provisions."

"Second—That if it does, it is repealed or supplied by a joint resolution passed on the 24th June, 1841;" and

"Thirdly—That defendants rely on the statute of limitations, as applied to such cases by the act of 21st of April, 1841."

The learned judge then proceeds to cite a portion of the act relative to small notes. "It forbids any person or persons, or body corporate from issuing, making or passing the notes or bills described, under any possible form or device. It makes no distinctions between municipal corporations and banks; public or private corporations."

As to the second point, he says: "There is no contrariety or repugnance in the provision of one (the act of 1828) to the other (the act of 1841). No notice is taken of the former act so as to indicate an intention to repeal it. There is nothing which can be construed, as supplying or altering the remedy conferred on the holders of these notes by the former act. Whether offenders would be liable to the penalties of both, is a question which it is unnecessary to decide. We only say that as regards the section of the act of 1828, conferring the remedy sought by these actions, there is not the least evidence of any intention in the legislature to repeal them. A repeal of them would put it in the power of those who have issued this illegal currency to repudiate it, and defraud at their pleasure, those whose necessities may have compelled them to receive it. I do not mean to impute any such fraudulent and dishonorable intention to the defendants; but I say that I do not see a particle of evidence on the statute book, that the legislature intended to grant them such a privilege, or to encourage the open infraction of the laws by conferring such an immunity on the offenders. This second ground of defence must therefore be overruled."

As to the third point, the judge remarks: "As we have already seen, this action is founded on a contract to pay the sum mentioned in each of these notes with interest at

---

[1] Act April 12, 1828: Section 1. Be it enacted by the senate and house of representatives of the commonwealth of Pennsylvania in general assembly met and it is hereby enacted by the authority of the same, that from and after the first day of January next, it shall not be lawful for any person or persons or body corporate, with the intention to create or put in circulation or continue in circulation a paper circulating medium, to issue, circulate, or directly or indirectly cause to be issued or circulated, any note, bill, check, ticket, or paper, purporting or evidencing or intended to purport or, evidence, that any sum less than five dollars will be paid to the order of any person, or to any person receiving or holding such note, bill, check, ticket, or paper, or to the bearer of the same, or that it will be received in payment of any debt or demand, or that the bearer of the same or any person receiving or holding the same, will be entitled to receive any goods or effects of the value of any sum less than five dollars, and that from and after the said first day of January next, it shall not be lawful for any person or persons or body corporate, to make, issue, or pay away, pass, exchange or transfer or cause to be made, issued, paid away, passed, exchanged or transferred, any bank note, bill, ticket or paper, purporting to be a bank note, or of the nature character or appearance of a bank note, or calculated

for circulation as a bank note of any less denomination than five dollars.

Sec. 2. And be it further enacted by the authority aforesaid, that any and every person and persons and body corporate, offending against any of the provisions of the first section of this act shall forfeit and pay for every such offence, the sum of five dollars, to be recovered by any person suing for the same, as debts of like amount are by law recoverable, one half for his own use and the other half to be for the use of the overseers, guardians or directors of the poor of the city, county, district or township within which such offence shall have been committed.

Sec. 3. And be it further enacted, &c., that no such note, bill, check or paper mentioned in the first section of this act shall be held or taken to be void, or of null effect, by reason thereof; but all suits and actions may be sustained on such note, bill, check, ticket or paper, any thing herein contained to the contrary notwithstanding; and in such suits or actions, if the same shall be determined in favor of the plaintiff judgment shall be rendered for the principal sum due on such note, bill check ticket or paper together with interest thereon at the rate hereinafter provided for (20% per annum) and full costs.

the rate of twenty per cent. per annum. By the old statute of 1713, the limitation of these actions, both as regards principal and interest, would have been six years, but by the 13th section of an act passed on the 21st of April, 1841, entitled: 'An act to compel the supervisor of the incorporated district of the Northern Liberties to give security,' &c., it is enacted that the 6th section of the act of limitations of the 26th of March, 1785, should be extended to all and every suit brought, or that may be brought to recover a greater rate of interest than six per cent. as a penalty or forfeiture under any of the provisions of the act of the 12th of April, 1828. * * * A holder of these notes who brings his suit two years after their issue, would therefore recover interest on the sum, to be calculated for the first year at the rate of six per cent. per annum, and at the rate of twenty per cent. from the commencement of the last year, till judgment; but as the declarations in these cases state that the notes were issued one year before the bringing of the suit, which is admitted by the case stated, the plaintiff is entitled to recover the principal sum, together with interest, to be calculated on the same, from the 22d day of December, 1848, till judgment. The one per cent., stated in the notes, cannot be added thereto as the law allows but twenty. The contract as interpreted by the law, is to pay twenty per cent., and no more. The statute limits the recovery of twenty per cent. for one year, but never intended to discharge, after one year, from all liability, those who have issued these notes in determined defiance of the laws of the country. Such an intention cannot be imputed to the legislature, unless it be clearly and plainly expressed.

"The clerk will therefore enter judgment accordingly, as agreed by the case stated."